SCHLESINGER v. BEAR et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

PARTIES (§ 40*)—INTERVENTION—RIGHT TO INTERVENE.

On a showing that there can be no final accounting by executors until the termination of an action on behalf of testator against surviving partners of a firm in which testator and one of the executors were partners, and that nothing substantial has been done in the action, though it has been at issue for four years, one interested in the estate should be permitted to intervene in the action as a defendant to protect her ultimate interests, though theoretically the executors represent her interests and she is not a necessary party.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 40.*]

Appeal from Special Term.

Action by Baldwin Schlesinger against Phil Bear and another. From an order denying Amelia Schlesinger's motion to intervene, she appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Alexander S. Bacon, for appellant.

Charles Straus (Eugene D. Boyer, of counsel), for respondent Baldwin Schlesinger.

Marcel Levy, for respondent Bear.

PER CURIAM. Appellant's grandfather, Abraham Schlesinger, died leaving a last will and testament, which was admitted to probate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in January, 1898. Plaintiff Baldwin Schlesinger and defendant Leo Schlesinger qualified as executors in January, 1898. Six years thereafter, in February, 1904, no steps having been taken for an accounting, the appellant petitioned the Surrogate's Court to require the executors to file an inventory. An inventory was filed on or about May 3, 1904, verified by Baldwin Schlesinger only. Thereupon appellant petitioned for a further inventory and to require the defendant Leo Schlesinger to verify it. An order was granted on such petition on June 15, 1904. On the same day an order was entered on appellant's petition for a final accounting, and an account was filed on or about August 23, 1904. This was not a final accounting, as it set up that one Phil Bear claimed to be entitled to one-half interest in the business of Leo Schlesinger & Co. at the time of the testator's death, and claimed that the testator owned but one-fourth of the assets of said business, "and that on or about the 9th day of June, 1904, an action was instituted in the New York Supreme Court for the county of New York on behalf of said decedent, against Leo Schlesinger as surviving partner of said firm of Leo Schlesinger & Co., and against said Phil Bear, which is now pending and undetermined, and the issues of which will probably not be determined before the fall of this year"; and said accounting set up, further, that no final accounting could be had until after the determination of said action. The moving papers further set up that this action of Schlesinger v. Schlesinger and Bear had been at issue nearly four years and nothing substantial had been done, and prayed for an order permitting the appellant to intervene as a party defendant, which order having been denied, this appeal is taken.

We are of the opinion, upon these papers, that a situation is presented which authorized the court, upon her application, to permit the appellant to intervene as a defendant. While theoretically the executors represent her interests, and so she is not a necessary party to this action, she should be given a standing in court, with the opportunity to protect her ultimate interest.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.